# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FORSYTH BUSINESS CENTER LLC,

    Plaintiff,

v.                                         Case No. 6:24-cv-28-JA-DCI

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

    Defendant.

## ORDER

Plaintiff's Disclosure Statement (Doc. 16) does not comply with Federal Rule of Civil Procedure 7.1 because it does not "name . . . and identify the citizenship of . . . every individual or entity whose citizenship is attributed to" Plaintiff. Fed. R. Civ. P. 7.1(a)(2). Accordingly, Plaintiff will be required to file an amended disclosure statement.

Plaintiff is a limited liability company (LLC), and as noted on the Court's form Disclosure Statement that Plaintiff completed and filed, "[t]o identify the citizenship of a partnership, LLC, or other unincorporated entity, a party must list the citizenships of all members or partners of that entity." (Doc. 16 at 1 ¶ 2). And "[w]here a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of

partners or members there may be." (*Id.* n.1). Here, it is not clear that Plaintiff has listed all its members, and Plaintiff has not adequately identified the citizenship of the sole member listed.

Despite informing Defendant earlier in this litigation that it is "wholly owned" by a natural person rather than a business entity,[1] Plaintiff states in paragraph 2.a. of its Disclosure Statement that Vivas Holdings of America, LLC is "listed as" Plaintiff's "sole Managing-Member and citizen of Florida." (Doc. 16 at 2 ¶ 2.a.). Plaintiff does not explain what it means by "listed as," but in any event Plaintiff's citizenship is determined by the citizenship of *all* its members, not just that of its managing member or members. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "a limited liability company is a

---

[1] Plaintiff filed this case in state court, and Defendant removed it to this Court based on diversity of citizenship. (Notice of Removal, Doc. 1). In the Notice of Removal, Defendant stated that "Plaintiff is believed to be owned by Vivas Holdings of America, LLC, which is believed to be owned by Vivas Group, Inc." (*Id.* at 3 ¶ 5). The Court found these assertions regarding Plaintiff's citizenship insufficient and ordered Defendant to file an amended notice of removal. (Order, Doc. 4). In its Amended Notice of Removal, Defendant asserted that Plaintiff "is wholly owned by David Vivas," relying on an email in which Plaintiff confirmed to Defendant that it was "owned by David Vivas." (Doc. 11 at 5 ¶ 12; Doc. 11-1 at 1). Based on Plaintiff's Disclosure Statement, however, if Mr. Vivas owns Plaintiff he owns it indirectly rather than directly.

2

citizen of any state of which a member of the company is a citizen"); *Venture Invs. Props., LLC v. Scottsdale Ins. Co.*, No. 3:14-cv-1536-J-34PDB, 2015 WL 269011, at *1 (M.D. Fla. Jan. 21, 2015) ("To establish diversity jurisdiction, the Court needs information regarding the citizenship of all the members of a limited liability company, not just the managing members."); *see also Stryker Emp. Co. v. Abbas*, 60 F.4th 372, 378 (6th Cir. 2023) (noting that LLC's citizenship was unclear where it identified a corporation as its "sole managing member" but "the record was silent as to whether [the LLC] ha[d] other, non-managing members"). In short, Plaintiff is required to identify all its members, not just its "sole Managing-Member."

And even if Vivas Holdings of America, LLC (Vivas Holdings) is Plaintiff's sole member—managing or otherwise—Plaintiff's Disclosure Statement does not establish the citizenship of Vivas Holdings. Because Vivas Holdings is also an LLC, its citizenship is in turn determined by the citizenship of each of *its* members. But here again, Plaintiff has not necessarily identified all of Vivas Holdings' members but instead only identifies—in a different paragraph of the Disclosure Statement—Vivas Group, Inc. as "Managing Member" of Vivas Holdings. (*See* Doc. 16 at 2 ¶ 3.e.). It is not clear whether Vivas Holdings has any members other than Vivas Group, Inc. And even if it does not, the description in the Disclosure Statement of Vivas Group, Inc. as "a Florida Profit Corporation" is not sufficient to identify Vivas Group, Inc.'s citizenship; for

3

diversity purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The description of "a Florida Profit Corporation" is not sufficient to explain a corporation's state of incorporation and principal place of business.

In sum, Plaintiff must file an amended disclosure statement so that the Court can determine whether complete diversity exists in this case. In the amended disclosure statement, which shall be filed **no later than February 20, 2024**, Plaintiff shall (1) identify all of its members, whether managing or non-managing; (2) for any members that are partnerships, LLCs, or other unincorporated entities, identify all members and partners of those entities and the citizenships of those members and partners; (3) continue identifying partners and members "through however many layers of partners or members there may be," (Doc. 16 at 1 n.1); and (4) for any corporate members, identify (a) every state of incorporation and (b) where the corporation has its principal place of business.

**DONE** and **ORDERED** in Orlando, Florida, on February 13, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

4